IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHRISTOPHER F. TAYLOR | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-05-CV-2089-P |
| | § | |
| SOCIAL SECURITY OFFICE, | § | |
| ET AL. | § | |
| | § | |
| Defendants, | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

This is an unspecified civil action brought by Plaintiff Christopher F. Taylor, appearing *pro se* and *in forma pauperis*, against the Social Security Office and its manager in Dallas, Texas. In a rambling four-page complaint, plaintiff alleges that he has not yet received a check promised to him by a Social Security employee. Plaintiff also accuses unnamed federal agents of conspiring to kill him and drive him from his home. Process has been withheld pending a review of the complaint under 28 U.S.C. § 1915.

Plaintiff is no stranger to the civil justice system. In fact, he has filed 16 different federal lawsuits, at least eight of which were dismissed as frivolous or for failure to state a claim. This litigiousness prompted another judge in this district to enjoin plaintiff "from filing any lawsuit in any court against any party unless he first seeks and obtains leave to do so from this court by filing a motion for leave . . ." *Taylor v. Maple Avenue Economic Development Corp.*, No. 3-02-CV-0791-D, 2002 WL 1758189 at *6 (N.D. Tex. Jul. 26, 2002) (Fitzwater, J.). No such leave has been sought or obtained. Consequently, plaintiff should not be allowed to prosecute this action.

**RECOMMENDATION**

The district clerk should be ordered to unfile the complaint received on October 24, 2005.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: October 26, 2005.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE